## Milligan *versus* Wehinger.

1. Adjoining landowners agreed not to make any common division fence; each was liable to the other for trespass from his cattle.
2. Keeping up the partition fence being a common duty, the parties might waive it.
3. Gregg v. Gregg, 5 P. F. Smith 227, distinguished.

March 21st 1871. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Pike county*, No. 283, to January Term 1871.

This was an action of trespass, brought before a justice of the peace by Frederick Wehinger against John Milligan; there was a judgment in favor of the plaintiff, from which the defendant appealed to the Court of Common Pleas.

[Milligan *v.* Wehinger.]

On the trial, December 22d 1870, before Dreher, P. J., the plaintiff testified that he and the defendant owned adjoining lands:— "I proposed to build a fence; defendant did not want to build and was not going to turn any cattle in, nor I, and we agreed not to put up any division fence; I put no cattle on mine." He then testified that the defendant's colts got on to his corn and oats and did him injury, to the value of $50. The defendant gave evidence in answer to the plaintiff's case.

The court charged: * * * " That if adjoining owners agree to occupy and use their respective lands without a division fence, they are each bound so to occupy and use their respective properties that the one shall not injure the crops of the other. If you believe there was such an arrangement between these parties, then we charge you· that the plaintiff may recover in this suit whatever damage he may have suffered in his crops by the trespasses of defendant's colts, and this would be the case if nothing was said about the defendant's not turning his colts out, if the parties agreed to each occupy and use his own land without a division fence."

The verdict was for the plaintiff for $40.

The defendant took out a writ of error and assigned the charge for error.

*W. H. Jessup*, for plaintiff in error, cited: Gregg *v.* Gregg, 5 P. F. Smith 227.

*S. E. Dimmick*, for defendant in error.

The opinion of the court was delivered, May 8th 1871, by

Agnew, J.—Owing to the legislation in this state in relation to fences, it has been held that an owner of improved land, who leaves it without a fence, cannot recover for the inadvertent trespass of a neighbor's cattle :· Gregg *v.* Gregg, 5 P. F. Smith 227. But this rule, which flows solely from the breach of a statute duty, is not applicable to a case like this, where the duty to fence was not only common to both parties, but was waived by mutual consent. This is the case of adjoining improved lands governed by the Act of 11th March 1842, Pamph. L. 62, where each owner, if he would escape the burthen of fencing his whole land within his line, must pay for the one-half of the cost of a partition-fence, the expense of which is to be assessed by the township auditors. The keeping up of the partition-fence being a common duty, it was in the power of both to waive it ; and they would clearly be liable to each other for trespasses upon each other's fields. After an agreement not to fence between themselves, it does not lie in the mouth of either party to set up the statute duty to fence under the Act of 1700 as a bar to a recovery for the trespasses of his cattle. Having

[Miller *v.* Wehinger.]

waived the duty on part of his neighbor in consideration of his neighbor's waiver of his duty, he is estopped from denying his own duty of keeping up his cattle. Gregg *v.* Gregg was not a case between the owners of adjoining improved lands, and is therefore no authority for this case.

The judgment must therefore be affirmed.